Filed 3/21/25  P. v. Villegas CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN VILLEGAS,<br><br>    Defendant and Appellant. | B336596<br><br>(Los Angeles County<br> Super. Ct. No. BA402808 |

    THE COURT:

    Defendant and appellant Juan Villegas appeals from the denial of his petition for resentencing under Penal Code section 1172.6[1] (former § 1170.95).[2]  Defendant's appointed counsel found

---

[1]    All further references are to the Penal Code unless otherwise indicated.

[2]    Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  For simplicity, we refer to the section by its new numbering.

no arguable issues and filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Under the standard articulated in *Delgadillo*, we decline counsel's invitation to undertake an independent review of the record; instead, we evaluate the arguments defendant raises in his supplemental brief.  (*Delgadillo, supra*, at pp. 231–232.)  Because defendant's brief contains no argument against the order denying his section 1172.6 petition, we affirm.

## BACKGROUND

In 2013, a jury convicted defendant and two codefendants of one count of attempted murder (§§ 664 & 187, subd. (a)).  The jury found that a principal personally and intentionally discharged a firearm causing great bodily injury to the victim (§ 12022.53, subds. (c), (d) & (e)(1)), and that the attempted murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).  The trial court sentenced each of the three defendants to a prison term of 30 years to life.[3]

In August 2021, defendant filed a petition for resentencing under section 1172.6 and was appointed counsel. The trial court subsequently issued an order to show cause setting an evidentiary hearing.  (§ 1172.6, subd. (d)(3).)

At the hearing, the parties relied solely on the record of conviction.  After reviewing the trial record, the trial court found that defendant could still be convicted of attempted murder, either as the actual shooter or as a direct aider and abettor.

---

[3]    Defendant did not directly appeal from the judgment.  One of his codefendants did; in that appeal, we affirmed the judgment. (*People v. Valencia* (Oct. 20, 2014, B253431) [nonpub. opn.].)

2

Defendant timely appealed.  Defendant's appointed counsel filed a brief raising no issues and asking this court to exercise its discretion to independently review the record.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)

On November 26, 2024, we sent a notice to defendant inviting him to "submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that [defendant] wishes this court to consider," and advising that "[i]f no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned."  On December 16, 2024, defendant filed a supplemental brief.

## DISCUSSION

Per *Delgadillo*, we limit our review to those arguments defendant raises in his supplemental brief.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232 ["If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

However, defendant's supplemental brief does not raise any arguments regarding the order denying his resentencing petition.  Instead, the purported brief consists solely of (1) the trial brief filed at the evidentiary hearing, (2) a minute order granting a stipulated continuance for that hearing, and (3) an earlier brief filed during the prima facie stage of resentencing proceedings.  Because defendant fails to argue that the trial court erred in denying his resentencing petition, we must affirm the challenged order.  (See *People v. Gonzalez* (2021) 12 Cal.5th 367, 410 [it is the appellant's burden to affirmatively demonstrate error on appeal].)

3

Additionally, we decline defendant's invitation to conduct an independent review.  "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  Since defendant has not raised any issues relevant to the denial of his section 1172.6 petition, we will not exercise our discretion to independently review the record of that denial.

**DISPOSITION**

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI, P. J.            ASHMANN-GERST, J.            CHAVEZ, J.

4